# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| CONNIE LYNN BOND, | ) | |
| | ) | Case No. 1:15-cv-204 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

Plaintiff Connie Lynn Bond brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court referred the matter to United States Magistrate Judge Susan Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R"). The magistrate judge filed an R&R (Doc. 24) recommending the decision of the Commissioner be affirmed, Plaintiff's motion for summary judgment be denied (Doc. 17), the Commissioner's motion for summary judgment be granted (Doc. 22), and the case be dismissed. Plaintiff timely filed an objection to the R&R (Doc. 25), and Defendant responded[1] (Doc. 28). For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R. (Doc. 24.)

---

[1] Defendant filed a motion for leave to file a response after the deadline had expired, which Plaintiff did not oppose. The Court hereby **GRANTS** that motion. (Doc. 26.)

## I. STANDARD OF REVIEW

The Court must conduct a *de novo* review of portions of the Magistrate Judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court's standard of review is essentially the same as the Magistrate Judge's—review is limited to determining if the ALJ's findings are supported by substantial evidence and if proper legal standards were applied. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.,* 39 F.3d 115, 117 (6th Cir. 1994); *Brainard,* 889 F.2d at 681. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen,* 35 F.3d 1027 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.,* No. 90–3061, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, then the Court may

deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

## II.    ANALYSIS

The ALJ analyzed Plaintiff's claim under the five-step framework outlined in 20 C.F.R § 404.1520(a)(4):

1.    If claimant is doing substantial gainful activity, [she] is not disabled.

2.    If claimant is not doing substantial gainful activity, [her] impairment must be severe before [she] can be found to be disabled.

3.    If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and [her] impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4.    If claimant's impairment does not prevent [her] from doing [her] past relevant work, [she] is not disabled.

5.    Even if claimant's impairment does prevent [her] from doing [her] past relevant work, if other work exists in the national economy that accommodates [her] residual functional capacity and vocational factors (age, education, skills, etc.), [she] is not disabled.

*Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 576 (6th Cir. 2009) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)).  At steps one through four, the claimant bears the burden of proof. *Id*.  However, at step five, the burden shifts to the Commissioner to identify jobs in the economy that the claimant could perform considering his impairments. *Id*.  Based on testimony from the Vocational Expert ("VE"), at step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform (Tr. 34) and thus she was not disabled (Tr. 34–35).

Plaintiff did not object to the Magistrate Judge's recitation of the facts so the Court will not recite them here.  Plaintiff raises two objections to Magistrate Judge Lee's R&R.  First,

Plaintiff objects to the Magistrate Judge's finding that the ALJ's decision was supported by substantial evidence. Second, she objects to the Magistrate Judge's determination that she has not submitted sufficient new, material evidence to warrant a remand.

### A. Substantial Evidence Determination

Plaintiff argues that the ALJ's finding that there was other work Plaintiff could perform was not supported by substantial evidence because the hypothetical question the ALJ propounded to the VE did not include all of Plaintiff's pertinent limitations. A VE's response to a hypothetical question constitutes substantial evidence only if "the question . . . accurately portray[s] a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). The ALJ based her hypothetical question on assessments completed by two state experts, Dr. Neboschik and Dr. Torre. (Tr. at 32–33.) Both filled out Mental RFC Assessment forms in which they checked boxes in Section I of the form that indicated that Plaintiff had moderate limitations in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. at 732, 754.) The description of the form used by these experts provides that "Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment." POMS DI 24510.060(B)(2)(a). Rather, "[i]t is in [Section III] that the actual mental RFC assessment is recorded." *Id*.

Plaintiff relies on *Ealy v. Commissioner of Social Security* for her argument that the failure to expressly include certain limitations in the hypothetical question corresponding to these check boxes means that the ALJ's RFC determination cannot be supported by substantial evidence. Crucially, however, the ALJ in *Ealy* had failed to fairly summarize the limitations

4

identified by the expert in Section III of the RFC Assessment form rather than Section I. Indeed, the *Ealy* court expressly declined to reach the question of whether a hypothetical question is defective if it fails to include limitations designated in Section I. *Id*. ("Though the parties argue at length whether and under what circumstances it is sufficient for an ALJ to include in a vocational hypothetical only the Section III Functional Capacity Assessment and not also the more specific checked limitations in Section I, we need not resolve this issue."). And since *Ealy*, many courts within the Sixth Circuit have relied on the description of the two sections recounted above to conclude that the ALJ is not required to include limitations based on the boxes checked in Section I in formulating the claimant's RFC. *See, e.g.*, *Helton v. Colvin*, No. 3:13 CV 00941, 2013 WL 6626867, at *9 (N.D. Ohio Dec. 16, 2013); *Coleman v. Astrue*, No. 3:10CV0464, 2010 WL 4955718, at *7 (N.D. Ohio Nov. 18, 2010), *report and recommendation adopted sub nom. Coleman v. Comm'r of Soc. Sec.*, No. 3:10 CV 464, 2010 WL 4955707 (N.D. Ohio Nov. 30, 2010); *Velez v. Comm'r of Soc. Sec.*, 2010 WL 1487599, *6, Case No. 1:09cv0715 (N. D. Ohio Mar. 26, 2010) ("In general, . . . the ALJ is not required to include the findings in Section I in formulating residual functional capacity.").

Plaintiff also argues that the failure by the experts to discuss each checked limitation in Section III means that the experts failed to properly complete the form. According to the instructions for filling out Section I, the assessor should check box 2, "'Moderately Limited,' when the evidence supports the conclusion that the individual's capacity to perform the activity is impaired." POMS DI 24510.063(B)(2). The instructions go on to state, "NOTE: The degree and extent of the capacity or limitation must be described in narrative format in Section III." *Id*. Plaintiff argues that, because the experts failed to adequately discuss these limitations in the narrative in Section III, they failed to comply with the instructions. Plaintiff's argument distorts

the instructions. Read as a whole, it is clear that this Note is there to make sure the assessor includes any relevant limitations in the narrative of Section III because it is the narrative that controls. Adopting Plaintiff's construction would turn the instructions on their head, making the "mere worksheet" trump the actual assessment. Plaintiff has identified no court that has adopted this construction, and the Court declines to do so now. The Court will thus adopt the Magistrate Judge's R&R and reject Plaintiff's substantial evidence objection.

**B.     New Evidence**

Plaintiff argues that she should be entitled to a "sentence six" remand because she has submitted new material evidence. "[R]emand under 42 U.S.C. § 405(g) 'sentence six' for consideration of additional evidence is warranted only if the evidence is "new" and "material" and "good cause" is shown for the failure to present the evidence to the ALJ." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010).

Plaintiff objects to the Magistrate Judge's determination that several pieces of evidence do not constitute new material evidence. Her primary contention is that she should not be held responsible for failing to remember the treatment she received in 2010 prior to her obtaining legal representation. The Sixth Circuit, however, takes a "hard line" on the good-cause standard. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) ("It is clear from our reading of the legislative history that this provision was enacted, at least in part, to limit the discretion of federal judges to remand for reconsideration of new evidence."). "[A]s the party who bears the burden of establishing "unavailability," [a] plaintiff must do more than 'raise questions' about [her] capacity to comprehend the nature of the administrative proceedings below." *Glasco v. Comm'r of Soc. Sec.*, No. 15-3964, 2016 WL 1460384, at *3 (6th Cir. Apr. 14, 2016).

6

As the Magistrate Judge pointed out in her R&R, Plaintiff was able to provide her attorney with treatment dates by the same doctor around the same time as the alleged new evidence. Plaintiff's only explanation for her failure to provide these records is her failure to remember to tell her counsel about them. Because this does not constitute good cause for the record's unavailability, the Court will overrule the objection and adopt the Magistrate Judge's R&R on this point.

## III. CONCLUSION

Having conducted a comprehensive and exhaustive review of Magistrate Judge Lee's Report and Recommendation, as well as all the record evidence presented in this case, for the reasons stated above the Court agrees with Judge Lee's well-reasoned conclusions.

Accordingly:

- The Court will **ACCEPT** and **ADOPT** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations (Doc. 24) pursuant to § 636(b)(1) and Rule 72(b);

- Plaintiff's Objections (Doc. 25) will be **OVERRULED**;

- Plaintiff's motion for summary judgment (Doc. 17) will be **DENIED**;

- Defendant's motion for summary judgment (Doc. 22) will be **GRANTED**; and

- This case will be **DISMISSED WITH PREJUDICE**.

**An accompanying order will enter**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**